a

# JUDGE ZOUHARY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERE DISTRICT OF OHIO

REGINALD GIBSON

    Plaintiff,

v.

OHIO DEPARTMENT OF REHABILITATION
AND CORRECTIONS, sued in its official capacity

DR. EDDY, sued in his individual and official capacity (ANDREW EDDY)

    Defendants.

CASE NO.

3:19 CV 1336

**Jury Trial Demanded**

## COMPLAINT

### *Introduction*

This is a civil; right action filed by Reginald Gibson, a state prisoner, for damages under 42 U.S.C. §1983, alleging deliberate indifference to my medical condition that caused chronic pain, in violation of the Eighth Amendment to the United States Constitution. The Plaintiff's medical condition, for which treatment was delayed, resulting in pain and suffering, equating to infliction of punishment. The Defendant's violation of the Eighth Amendment was also deliberately indifferent to Plaintiff's health.

1

### *Jurisdiction*

1. This Court has jurisdiction over the Plaintiff's claim of violation of federal constitutional rights under §§ 42 U.S.C. 1331(1) and 1343.

### *Parties*

2. The Plaintiff, Reginald Gibson was incarcerated at Allen Correctional Institution ("ACI") during the events described in this complaint.

3. Defendant Ohio Department of Rehabilitation and Corrections ("ODRC") is a state agency. It is sued in its official capacity.

4. Defendant Dr. Eddy is an employee and Chief Medical Officer for the Department and is generally responsible for the review of individual patient specialty consultation appointments requested by an institutional advanced level provider (ALP).   He is sued in his official and individual capacity.

### *Facts/Denial of Medical Care*

5. This is a claim for deliberate indifference due the Ohio Department of Rehabilitation and Corrections delaying for more than three years to excise Plaintiff's large and painful cyst/lipoma, and without undue delay. The Defendant delayed the excision of a painful encapsulated, tennis ball size cyst/lipoma, located on his left hip at the beltline. The large and painful cyst caused Plaintiff severe chronic pain, suffering, numbness, mental anguish, depression and emotional distress on an everyday basis. Additionally, the painful cyst/lipoma affected my walking, laying down, sleeping, and daily activities.

6. On August 18, 2013, Plaintiff filed a Health Service Request ("HSR") to the infirmary at the Lake Erie Correctional Institution ("LaECI") because he was having pain in his left hip area. Despite the severity of his excruciating pain and discomfort which he was suffering, the Defendant failed to administer him any medication.

2

7. Om July 3, 2014, Plaintiff filed another HSR to the infirmary at Lake Erie Correctional. In his health request he state that he was having extreme pain in his left hip area while walking.

8. On July 26, 2014 Plaintiff filed a HSR to the infirmary at LaECI complaining that he could not sleep because he was having severe pain throughout the nighttime on his left hip which was being caused by the large encapsulated cyst/lipoma.

9. On June 24, 2015 Plaintiff filed another HSR to the infirmary at LaECI complaining again that he was having a problem sleeping, and he could not sleep on his left side due constant pain which was being caused by the cyst. Additionally, his medical condition went untreated.

10. On August 6, 2015, Plaintiff filed a HSR to the infirmary at LaECI requesting medical care due to the pain and discomfort which he was experiencing from the cyst/lipoma. In his health request he stated that he was having excruciating pain and some tingling in his left foot. However, the Defendant simply deemed his medical condition as being "cosmetic". Therefore, his medical condition was not serious enough to require surgery.

11. Plaintiff contends, surgery to excise the painful cyst/lipoma was not to enhance his appearance, but was essential to the maintenance of his health. (See 68-MED-14, Section IV- Cosmetic Services)

12. On August 31, 2015, Plaintiff filed another HSR to the infirmary at LaECI requesting medical care because he was having numbness in his left hip area. Despite the numerous complaints, thus far, Plaintiff had yet to receive medical care to resolve his constant and extreme pain, and numbness that he was having due to the painful encapsulated cyst/lipoma.

13. On September 21, 2015 Plaintiff filed another HSR to the infirmary at LaECI requesting medical care because the cyst on his left hip had grew larger. Additionally, there he complained that he was still having numbness.

14. On October 19, 2015 Plaintiff filed another HSR to the infirmary at LaECI requesting medical care due to the constant pain and numbness caused by the cyst/lipoma. In this medical request the Plaintiff indicated that the pain "will not go away". The medical staff did not provide the Plaintiff with any medical treatment.

15. On November 1, 2015 Plaintiff filed another HSR to the infirmary at LaECI requesting medical care because of the pain which he experienced from the cyst/lipoma. Plaintiff at this point was suffering extreme and consistent pain including more numbness. The pain was so severe that he Plaintiff could not exercise.

16. On November 12, 2013 at approximately 22:00 hours, the Correctional Officer for Plaintiff's housing unit (Superior A/B) at LaECI had to call the infirmary because the Plaintiff was having such acute pain which being caused by the cyst/lipoma. Thereafter, the Corrections Officer directed the Plaintiff to walk to the infirmary for observation of the institution's medical staff. It was noted by the nurse, P. Hammers (RN), in Plaintiff's medical file, that "Patient has been seen over and over for this problem and surgery was denied."

17. On July 6, 2015, Plaintiff enrolled in the Advanced Office Technology program (AOT) at LaECI in order to obtain good days credit, to earn credit as a deduction from his sentence for productive participation in an academic or vocational program.

18. On January 18, 2016 had to withdraw from the AOT program after six months due to the severity of the pain he was having due to the enormous lipoma. As a result of his withdrawal, Plaintiff did not receive any good days reduction from his prison sentence.

19. On November 19, 2015, Plaintiff filed another HSR to the infirmary at LaECI requesting medical care. In his request it was stated that he could not get out of bed because he was having extreme pain and numbness in his left hip area. Additionally, Plaintiff experienced physical limitations as a direct result of having the tennis ball sized lipoma on his belt line. The Plaintiff also was having mood swings because of the pain he was having from the cyst/lipoma. There is no dispute that the Defendants was aware of Plaintiff's medical

condition, yet failed to approve the necessary surgery to remove the oversized "cyst/lipoma."

20. On November 20, 2015, Plaintiff sent a kite to nurse Rebera (RN) at LaECI requesting to have copies of his medical records to be sent to a family member or attorney so that his medical condition could be evaluated by a third party physician.

21. On November 27, 2015, Plaintiff's request in #20 above was denied.

22. On November 27, 2015 Plaintiff General Surgery Consult was denied by the Collegial Review Board.

23. On November 19, 2015, Plaintiff filed another HSR to the infirmary at LaECI requesting medical care because of the constant pain caused by the cyst/lipoma.

24. On February 22, 2016, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care because he was having constant pain which was caused by the huge lipoma, and it was keeping him awake daily through the nighttime. Additionally, he complained of having numbness in his upper left leg.

25. On February 22, 2016, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care because he was having constant pain down his left leg. Moreover, plaintiff stated that he was having problems sleeping, severs discomfort, and was having a hard time turning over in bed. The Defendant simply responded, thereafter, stating "we'll monitor the situation and if the problem persists, send a HSR to the infirmary."

26. On May 15, 2016, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care because he was having repeatedly and unceasing sharp pain in his left hip area.

27. On May 27, 2016, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care because he was having extreme chronic pain and no

sensation in his left flank. Plaintiff also complained that it was painful to walk. The Defendant ODRC simply gave me 600 mg of Ibuprofen for the pain. I was given the Ibuprofen for six months by the medical at LaECI. The Plaintiff stated to the medical staff at LaECI that Tylenol or of Ibuprofen did not relieve the pain.

28. On June 7, 2016, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care because he was having chronic pain when walking.

29. On June 22, 2016, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care because he was having; (1) endless chronic pain in his left hip at the beltline and his left hip area; (2) pain when walking; (3) he could not sleep on his left side due to the extreme pain caused by the lipoma; and (4) he was having sharp pain down his left leg.

30. On July 14, 2016, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care because he was having constant pain and could not sleep during the nighttime on a daily basis.

31. On July 17, 2017, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care because he was having extreme pain around the area of the "cyst/lipoma." Plaintiff also complained that because he was having constant and extreme pain it was affecting the quality of his daily life within the institution, and thereby, making him become depressed. The Defendant simply stated, "His medical condition was being monitored and if his condition changed, submit a Health Care Request form.

32. On January 24, 2017, Plaintiff filed his twenty-sixth (26th) HSR to the Defendant, ODRC, because of the extreme pain, and discomfort which he was having due to the tennis ball sized cyst located on his left hip area at the beltline. The Defendant advised the Plaintiff to wait for two weeks because the "doctor" Chief Medical Officer (CMO) was not available.

33. On March 20, 2017, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care because the pain had become more severe and he was having a problem getting out of bed. The Defendant refused to refer his case to the Collegial Review Board.

34. On May 4, 2017, Plaintiff filed HSR to the infirmary at Allen Correctional Institution ("ACI") requesting medical care stating in his complaint, "his pain was more than he could bear." Additionally, it was stated by the Plaintiff that the extreme pain was causing him to become more depressed with suicidal ideation.

35. On May 5, 2017 Plaintiff sent a Kite to Mental Health Services to obtain assistance to help his depression and suicidal tendencies due to the pain being caused by the cyst.

36. On May 5, 2017 Plaintiff was seen by Dr. Creamer of the Allen Correctional Institution in Mental Health Services to treat his depression. Dr. Creamer gave the Plaintiff documents on "mindfulness" to manage his pain as treatment for his medical condition, regarding the pain caused by the large cyst. Additionally, received mental health treatment at LaECI for his depression which was brought upon by his medical condition regarding the painful lipoma.

37. On February 24, 2016Plaintiff had a doctor's visit with the Chief Medical Officer, DR. Perez, at Allen Correctional Institution, "ACI". Dr. Perez noted that Plaintiff's cyst measured in size 5cm x 3cm x 5cm. On this date Dr. Perez stated to the Plaintiff, he made a request to the Collegial Review Board in January 2016 for a surgical consult to have the painful cyst removed.

38. On February 14, 2017, Plaintiff was notified that the Plaintiff had grown to approximately 9.6 cm x 19 cm in size.

39. On May 17, 2017 the Collegial Review Board approved the surgical consult for the excision of Plaintiff's tennis ball size cyst.

40. Plaintiff surgery to excise the large and painful cyst/lipoma was performed at Ohio State University Medical Center, "OSU", on May 19, 2017.

41. In June 2017, Plaintiff was released from OSU, thereafter, returning to the Allen Correctional Institution.

42. On October 2, 2017, Plaintiff filed a complaint at Allen Correctional Institution in regards to him still having pain and numbness in his left hip area where the lipoma was located before the surgery which he had in may 2017.

43. On October 16, 2017 the Defendant replied to his complaint stating, "His medical record indicated that he had the lipoma for an extended period of time and was having substantial pain and numbness prior to surgery. Thereafter, Plaintiff's October 2, 2017 complaint, "ICR", was denied by the Defendant.

44. The Plaintiff surgical consults to remove the painful cyst was denied on several occasions by the Defendant, DR. Andrew Eddy. The dates are as follows; (1) January 5, 2015; (2) January 27, 2015; (3) March 15, 2016; and (4) January 30, 2016.

### *Exhaustion*

45. Plaintiff filed several Informal Complaints Resolutions, ICR's regarding his medical Condition to the Defendants between November 8, 2015 to August 2017.

46. Plaintiff filed his Notification of Grievances, "NOG's" to the Institutional Inspector from March 22, 2016 to September, 2017.

47. On March 20, 2017, Plaintiff filed his appeal of his NOG to the Chief Inspector for the Department of Corrections in Columbus, Ohio.

48. The Plaintiff has exhausted his administrative remedies with respect to all claims and all defendants.

### *Claims for Relief*

49. The actions of Defendants Ohio Department of Rehabilitation and Corrections and Dr. Eddy were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. The Defendants failed to treat his chronic pain which was caused by the large and painful encapsulated "cyst/lipoma" which affected everything he did from standing, walking, laying down, and sleeping on a daily basis. Due to the defendants' conduct, he was confined in a prison setting under conditions that impose a significant risk to his health. Moreover, the Defendants were in violation of the Eight Amendment on the ground that they were deliberately indifferent to his health, medical condition, for which treatment was delayed resulting in pain and suffering, equating to infliction of punishment.

### *Relief Requested*

WHEREFORE, Plaintiff requests that the court grant the following relief:

A. Award compensatory damages in the following amounts:

1. $50,000 jointly and severally against Defendants ODRC and Dr. Eddy for their failure to remove Plaintiff's large, and painful cyst/lipoma "without undue delay", thereby, violating his rights under the Eight Amendment to the United States Constitution, which constitutes deliberate indifference as to his health and medical condition. The every day prolonged agony he experienced by the Defendants not treating his continuous intractable pain and painful condition, marked a fresh infliction of punishment  that were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment.

2. $10, 000 jointly and severally against Defendants ODRC and Dr. Eddy for emotional injury, mental anguish, emotional distress, depression and past pain he suffered resulting from their failure to remove his large and painful cyst/lipoma without undue delay.

   Award punitive damages in the following amounts:

1. $20,000 each defendant ODRC and DR. Eddy.

B. Grant such other relief as it may appear that Plaintiff is entitled.

Respectfully submitted,

_____

Reginald Gibson, *pro se*, #643-525
Allen Correctional Institution
P.O. Box 4501
Lima, Ohio 45802